This is an action by a former Postal Service (Service) employee in which he seeks reinstatement and back pay, attacking a decision by the Federal Employee Appeals Authority which sustained a decision by the Service to remove plaintiff from his employment. Defendant moves for summary judgment. There is no cross-motion and no response to defendant’s motion and the time for such a response is long since run out. There has been no oral argument.
Plaintiff was injured December 14, 1974, as a result of a Service vehicle, driven by him, overturning after a collision. Upon his discharge from the hospital a residual injury to his right wrist remained. He alleged continued pain and received various treatments and surgery by different physicians, all of whom reported, however, that plaintiff could return to his job for light work at least. Plaintiff did work at *860 intervals but not continuously after January 11,1977. A Dr. Adatto on May 12, 1977, advised the Service that plaintiff could do light work at once and return to full duty after 4 to 8 weeks. The Service ordered plaintiff to report May 19, 1977, for light duty not requiring use of the injured hand, but he failed to report and refused the assignment. On June 27, 1977, the usual notice of proposed removal notified plaintiff he would be removed for refusing to report for light duty and continued unsatisfactory attendance. It is unnecessary to detail the proceedings that followed, suffice it that plaintiff has exhausted his remedies and the suit here is timely. He is a preference eligible.
Plaintiff has alleged no specific procedural defect in his removal and none is apparent. The removal is supported by substantial evidence in that the Service and the Appeals Authority could infer from the medical history that plaintiff had no valid excuse for not reporting when ordered for light duty not requiring use of the injured hand. It could disbelieve his assertions that he was incapable even of this and required further hospitalization.
Accordingly, defendant’s motion for summary judgment is granted and the petition is dismissed.